## COSTELLO v. BRADLEY CONTRACTING CO.

(Supreme Court, Appellate Term, First Department.   January 15, 1915.)

JUDGMENT (§ 143*)—DEFAULTS—VACATION—GROUND FOR DEFAULT.

Where, when the cause appeared on the calendar, defendant's motion for a bill of particulars was granted, and before the bill was filed defendant notified plaintiff and filed an affidavit showing that it could not be ready for trial because its most material witnesses could not be located, as he had given false addresses to defendant's counsel, default judgment, taken over the objection of defendant's counsel, who refused to participate, is properly set aside.

[Ed. Note.—For other cases, see Judgment, Cent. Dig. §§ 269, 270, 272–291; Dec. Dig. § 143.*]

Appeal from City Court of New York, Special Term.

Action by Edward F. Costello against the Bradley Contracting Company.   From an order vacating a default judgment, and restoring the cause to the calendar, plaintiff appeals.   Order affirmed.

Argued January term, 1915, before GUY, BIJUR, and GAVEGAN, JJ.

Maurice Steiner, of New York City (Louis Cohn, of New York City, of counsel), for appellant.

Frederick L. C. Keating, of New York City (George J. Stacy, of New York City, of counsel), for respondent.

GUY, J.   The action was brought to recover damages for a personal injury.   The cause was No. 2136 upon the City Court calendar. It first appeared on the day calendar on Friday, October 30, 1914. The day preceding defendant moved for a bill of particulars, as well as for a stay pending the service thereof, which motion was granted, the decision thereof appearing in the Law Journal for October 30, 1914, and the order, with notice of entry, was immediately served.

On these facts being stated to the justice calling the calendar of Trial Term, Part 1, he passed the case until November 2, 1914.   On October 31st, defendant notified plaintiff, and later it filed an affidavit, that it was not ready, because its superintendent and chief witness to the accident, one Patrick Sullivan, could not be found, after a diligent search, because he had given defendant's attorney two wrong addresses, which were set forth.   Notwithstanding the filing of this affidavit, the justice calling the calendar of Trial Term, Part 1, allowed defendant's default to be taken.   The order for the bill of particulars allowed plaintiff 10 days in which to serve it and granted a stay until it was served.   The stay was terminated by the service of the bill of particulars on the morning of November 2d.   On the inquest the jury rendered a verdict in favor of plaintiff for $600.   The stenographer's minutes of the inquest showed that the justice calling the calendar of Part 1 ruled that the affidavit for an adjournment "contained no legal reason whatsoever for an adjournment of the trial."   When the case was called, "defendant's attorney refused to proceed to trial and left the courtroom," after stating "that he could not go to trial, but that he would make a motion to open the default

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

after an inquest was taken"; also that the trial justice was asked to entertain, and refused to entertain, a motion to open the default.

We think the defendant offered sufficient proof to warrant the Special Term in holding that it had successfully excused the default.

Order affirmed, with $10 costs and disbursements. All concur.